**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| CARLOS SEBASTIAN ZAPATA RIVERA, <br><br> Petitioner, <br><br> v. <br><br> DAVID WESLING, *et al.*, <br><br> Respondents. |

No. 4:26-cv-40061-MRG

**MOTION TO DISMISS AND STAY DISCOVERY RESPONSES**

Petitioner Carlos Sebastian Zapata Rivera ("Petitioner") has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in which he claims that Immigration and Customs Enforcement ("ICE") is unlawfully retaliating against him by 1) requiring him to appear for frequent check-ins with ICE; 2) requiring him to participate in an Alternatives to Detention ("ATD") program known as the Intensive Supervision Appearance Program ("ISAP"); and 3) requiring him to wear a GPS location monitoring device ("GPS monitoring").

Circumstances have changed since Petitioner filed his Petition, rendering his Petition moot. On April 14, 2026, ICE removed Petitioner from the ATD/ISAP program. *See* Declaration of Mark Anzelmo, Assistant Field Office Director for U.S. Department of Homeland Security, attached hereto as *Exhibit 1*, ¶ 6. Petitioner is no longer required to wear GPS monitoring or participate in ATD/ISAP. *Id.* There are no restrictions on Petitioner's ability to travel or work, nor is he subject to any curfew. *Id.* ¶ 7. Petitioner is required only to check in with ICE once per calendar year at a kiosk located in the lobby of an Enforcement and Removal Operations ("ERO") building. *Exhibit 1*, ¶ 6. Because Petitioner is no longer subject to the ATD program and GPS monitoring, the Petition is moot and should be dismissed. Respondents further seek to stay their

deadline to respond to Petitioner's discovery requests, currently due on April 17, 2026, pending resolution of this Motion.

**BACKGROUND**

**A.      Factual Background**

Petitioner was born in Ecuador.  Doc. No. 1, ¶ 10.  Petitioner entered the United States in February 2023 and was arrested at the border by United States Border Patrol.  *Id.* at ¶ 11.  Shortly after his arrest, Petitioner was released from custody pursuant to 8 U.S.C. § 1226 subject to certain conditions, namely, enrollment in GPS monitoring and the ATD program.  *Id.* at ¶ 15.  On February 17, 2026, Petitioner was enrolled in GPS monitoring and the ATD program.  Doc. 1, ¶ 51.

On April 14, 2026, Petitioner was removed from GPS monitoring and the ATD program.  *Exhibit 1*, ¶ 6.  Petitioner does not have any restrictions on his ability to travel or work, and he is not subject to any curfew.  *Id.* ¶ 7.  Petitioner is required only to check in with ICE once per year at an ERO kiosk while he remains in immigration proceedings.  *Id.* ¶ 6.  This requirement is not part of the ATD program.  *Id.*

**B.      Procedural Background**

On February 18, 2026, Petitioner filed the instant Petition in which he alleges that he is subject to unlawful custody because he is required to submit to GPS monitoring, the ATD program, and frequent check-ins with ICE.  *See generally* Doc. 1.   Petitioner sought a writ from this Court ordering Respondents to release him immediately.  *See* Doc. 1, p. 14.  On March 6, 2026, Respondents opposed the Petition and argued, among other things, that Petitioner was not in custody.  *See generally* Doc. 14.

At a hearing on March 19, 2026, this Court determined that Petitioner was in custody for purposes of habeas relief but determined that further factual development was required to resolve

the Petition. *See* Doc. Nos. 22-23. At a status conference on March 27, 2026, this Court permitted Petitioner to issue discovery requests to Respondents and scheduled an evidentiary hearing for April 30, 2026. *See* Doc. No. 28. The hearing was subsequently rescheduled *sua sponte* by the Court to April 29, 2026. *See* Doc. No. 30. Respondents' discovery responses are currently due on April 17, 2026. *See* Doc. No. 33.

## STANDARD OF REVIEW

To warrant a grant of writ of habeas corpus, the burden is on the petitioner to prove that his custody is in violation of the Constitution, laws, or treatises of the United States. *See* 28 U.S.C. § 2241(c)(3); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner."); *Farrell v. Lanagan,* 166 F.2d 845, 847 (1st Cir. 1948) ("The burden of proof is on the petitioner to establish denial of his constitutional rights. The court must be convinced by a preponderance of evidence.").

## ARGUMENT

**A.     The Petition Is Moot Because Petitioner Is No Longer In Custody.**

Respondents respectfully submit that the Court now lacks jurisdiction over Petitioner's habeas petition because he is no longer in custody. Section 2241(c)(3) of Title 28 of the United States Code limits habeas relief to individuals "in custody in violation of the Constitution or laws or treaties of the United States." "This language makes 'clear,' as does 'the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.'" *Alawieh v. Tweedie*, No. 25-cv-10614-LTS, 2025 WL 3171170, at *3 (D. Mass. Oct. 31, 2025) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)); *accord Ali v. Napolitano*, No. 12-cv-11384-FDS, 2013 WL 3929788, at *2 (D. Mass. Jul. 26, 2013) ("The custody requirement

'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" (quoting *U.S. ex rel. Bailey v. U.S. Commanding Officer of Office of Provost Marshal, U.S. Army*, 496 F.2d 324, 325-26 (1st Cir. 1974))).

To be sure, the Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas." *Maleng v. Cook*, 490 U.S. 488, 492 (1989). And this Court has already determined that Petitioner was "in custody" for purposes of habeas relief when he was required to submit to GPS monitoring, the ATD program, and frequent check-ins with ICE. But, as described above, circumstances have changed. Petitioner has been removed from GPS monitoring and the ATD program and otherwise has no conditions on his release, other than a check-in one per year at a kiosk while he remains in immigration proceedings.

This condition—that Petitioner check in at a kiosk once per year—does not restrict Petitioner to a degree approximating custody. *See* 18 U.S.C. § 2241(c)(3); *see also López López v. Charles*, No. 12-cv-10145-DJC, 2020 WL 419598, at *3 (D. Mass. Jan. 26, 2020) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)) (recognizing that "[r]estraints short of incarceration may satisfy the 'in custody' requirement for habeas relief," but the restraint "must significantly compromise the individual's 'liberty to do those things which in this country free men are entitled to do.'"). Here, Petitioner is not subject to any conditions that restrict his travel, subject his daily movements to monitoring, or require that he present regularly to ICE offices. To that end, this case is distinguished from those cases in which courts in this district have found a petitioner to be "in custody" even though he was not detained. *See e.g. Ali*, 2013 WL 3929788, at *2 (finding custody where petitioner could not travel out of state for more than 48 hours without advance notice to ICE and could not engage in employment not authorized by U.S. Citizenship and Immigration Services, among other things); *Flores Salazar v. Moniz*, No. 25-cv-11159-LTS, 2025

WL 1703516, at *5 (D. Mass. June 11, 2025) (concluding that petitioner remained in custody when subject to "continuous" GPS monitoring, periodic check-ins at ICE's office, adherence to a "weekly scheduled approved by ICE," restrictions on travel, and disclosure of information to ICE (including petitioner's whereabouts at any time); *López López*, 2020 WL 419598, at *3 (finding it "at least plausible" that petitioner was "in custody" when subject to "GPS monitoring and the requirement of periodic check-ins"). Indeed, if a requirement that an individual check in with ICE once per year while in removal proceedings amounts to being "in custody" for purposes of habeas relief, nearly every individual in immigration proceedings could seek habeas relief. This is not how the writ was intended. *See Ali*, 2013 WL 3929788, *2 ("The custody requirement 'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty'") (internal citation omitted). Respondents are not aware of any court that has determined that a yearly check-in with ICE amounts to being "in custody" for purposes of habeas relief in materially similar factual circumstances.

Accordingly, Petitioner is no longer in custody, and this Court therefore lacks jurisdiction over his claim.

## CONCLUSION

Because Petitioner is no longer in custody, this Petition is moot and must be dismissed. Additionally, Respondents respectfully request that their deadline to respond to Petitioner's discovery requests be stayed pending resolution of this Motion.

5

Dated: April 15, 2026                           Respectfully submitted,

                                                LEAH B. FOLEY
                                                United States Attorney


                                     By:        /s/ Nicole M. O'Connor
                                                Nicole M. O'Connor
                                                Assistant U.S. Attorney
                                                U.S. Attorney's Office
                                                John Joseph Moakley U.S. Courthouse
                                                One Courthouse Way, Suite 9200
                                                Boston, Massachusetts 02210
                                                (617) 748-3112
                                                Nicole.O'Connor@usdoj.gov



## 7.1 CERTIFICATION

I, Nicole M. O'Connor, Assistant U.S. Attorney, hereby certify that I conferred with counsel for Petitioner prior to filing this Motion. Petitioner opposes this Motion.


Dated: April 15, 2026                           /s/ Nicole M. O'Connor
                                                Nicole M. O'Connor
                                                Assistant U.S. Attorney


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on April 15, 2026.

                                                /s/ Nicole M. O'Connor
                                                Nicole M. O'Connor
                                                Assistant U.S. Attorney


6